(708 P.2d 987)

No. 56,28█

STATE OF KANSAS, *Appellee*, v. JOE W. PERRIGO, *Appellant*.

—

Opinion filed May 31, 1985. █

Robert L. Morse, of Overland Park, for the appellant.

Joseph E. Cosgrove, Jr., assistant district attorney, Dennis W. Moore, district attorney, and Robert T. Stephan, attorney general, for the appellee.

Before PARKS, P.J., ABBOTT and MEYER, JJ.

*Per Curiam*: Defendant, Joe W. Perrigo, appeals his jury conviction of aggravated incest. K.S.A. 21-3603.

Defendant contends that the trial court erred in admitting the testimony of S. concerning his previous sexual relationship with defendant under K.S.A. 60-455. Defendant contends that this rule applies to the admission of evidence of a "prior crime" and that his sexual conduct with S. was consensual and not a crime at all. However, K.S.A. 60-455 states an exception to the general rule that all relevant evidence is admissible. K.S.A. 60-407(f). If proffered evidence does not suggest the commission of a prior crime or civil wrong, then K.S.A. 60-455 does not apply and the evidence is presumed to be admissible so long as it is relevant and not excludable on some other basis. Since defendant suggests no reason outside of the policy behind the prior crime rule

for the evidence to be excluded, this argument reveals no error by the court.

Defendant's argument is further without merit because the sexual conduct described by S. is still illegal in this state when it is performed by people of the same sex regardless of consent. K.S.A. 21-3505 and K.S.A. 1984 Supp. 21-3505. Therefore, the trial court correctly considered whether this evidence could be admitted under the exception stated in K.S.A. 60-455.

Upon the prosecution's request, the jury was instructed that the evidence suggesting the commission of a prior crime by defendant could only be considered for the purpose of proving defendant's preparation or plan. Defendant argues that the evidence should not have been admitted to prove these elements since neither plan nor preparation are relevant to the crime of incest. Defendant contends that his prior relationship with S. does not suggest either steps taken as necessary preparation for the crime of incest or a causal link suggestive of a plan or scheme. See *State v. Marquez*, 222 Kan. 441, 446-47, 565 P.2d 245 (1977).

There may be merit to defendant's argument but it is a question we need not resolve. Since incest, as committed by engaging in lewd and lascivious behavior, requires proof of specific intent, the prior crimes evidence could have been submitted to the jury for the purpose of considering intent rather than plan or preparation. The evidence of defendant's earlier liaisons with S. does suggest that defendant's late-night appearance in his son's room in the nude and the touching of R.'s penis was a sexual and not a parental act. We are mindful that the erroneous admission of evidence of a crime under one exception in K.S.A. 60-455 is not made harmless merely by the fact it would have been admissible under another exception not instructed on. *State v. McCorgary*, 224 Kan. 677, 686, 585 P.2d 1024 (1978). However, our examination of the whole record leads us to conclude that the admission of this evidence erroneously would not have affected defendant's substantial rights. *Marquez*, 222 Kan. at 449.

Next, defendant contends that the trial court abused its discretion in making the decision to use two interpreters in eliciting R.'s testimony at the trial.

The determination and propriety of appointing a person as an interpreter lies within the discretion of the trial court. K.S.A.

60-243(e); *State v. Pham*, 234 Kan. 649, 662, 675 P.2d 848 (1984). Such a determination will be reversed on appeal only in the most *extreme* circumstances. Furthermore, it is not error for a court to appoint different interpreters on behalf of different parties to the case. *Pham*, 234 Kan. at 662.

Defendant does not quarrel with the court's selection of interpreters but claims that the use of two interpreters was unreasonable. However, the court made its decision to use a deaf interpreter as well as a hearing interpreter after consulting with authorities from the School for the Deaf concerning R.'s ability to communicate. The court concluded that a deaf interpreter who, like R., is totally dependent on sign and gesture for communication, would best be able to understand and make himself understood to R. The hearing interpreter would then be needed to report the deaf interpreter's understanding of R.'s responses. We find this decision to be eminently reasonable and well within the bounds of the court's discretion. See *People v. Vandiver*, 127 Ill. App. 3d 63, 468 N.E.2d 454 (1984).

Defendant's complaint concerning the court's consultation with Dr. Kapp, who subsequently testified for the prosecution, is also without merit. Dr. Kapp's testimony was elicited to establish the competency of the victim to testify and was largely concerned with explaining the extent of R.'s handicaps. Defendant suggests no way in which he was prejudiced by the court's consultation with Dr. Kapp and we find no prejudice to have resulted.

Finally, defendant complains that if two interpreters were necessary, the preliminary hearing was defective because only one was used. This argument assumes that the court's conclusion that two interpreters would be best necessarily implies that one interpreter was insufficient. However, defendant made no objection to use of a single interpreter during the preliminary hearing and, thus, must not have believed anything was inherently wrong with the manner in which the hearing was conducted. We conclude that the trial court's discretion concerning the means of interpreting R.'s testimony could include the use of either one or two interpreters. Therefore, no error has been shown.

Defendant next points to three instances of conduct by the prosecutor which he contends were so inflammatory and preju-

dicial that a new trial should have been granted. Specifically, defendant complains of a remark made by the prosecutor during opening argument, the manner in which cross-examination of the defendant was carried out and an improper statement made during closing argument.

While the prosecutor's opening remarks mischaracterized the substance of the letter referred to in S.'s testimony, his behavior does not rise to the level of misconduct. The prosecutor had cautioned the jury that his remarks were not evidence and the content of his actual statement is so absurd, it could only be viewed by a rational juror as a misstatement.

The second allegation of misconduct is similarly without merit. The substance of the information implied by the prosecutor was not on its face prejudicial. Counsel asked defendant if he knew a certain person or had lived at a certain address. Defense counsel did not object to the questions or ask to see the document the prosecutor was holding. Defendant has failed to demonstrate that the prosecutor was alluding to evidence he did not have or was otherwise acting improperly. See, *e.g., United States v. Silverstein*, 737 F.2d 864, 868 (10th Cir. 1984).

The prosecutor's comment during closing argument prompted immediate objection by defense counsel and the court's instruction to the jury to disregard the remark. Defendant nevertheless contends that the remark was prejudicial.

When determining whether prosecutorial misconduct was prejudicial, factors that should be considered include: (1) Is the misconduct so gross and flagrant as to deny the accused a fair trial? (2) Do the remarks show ill will on the prosecutor's part? (3) Is the evidence against the defendant of such a direct and overwhelming nature that the misconduct would likely have little weight in the minds of the jurors? *State v. Carpenter*, 5 Kan. App. 2d 214, 218, 613 P.2d 966 (1980).

Although the comment of the prosecutor in closing argument was an improper comment and somewhat inflammatory, in view of the court's admonition and the overwhelming evidence against the defendant, we find that the prosecutor's comment was harmless error. K.S.A. 60-2105; *State v. Folkerts*, 229 Kan. 608, 615, 629 P.2d 173 (1981).

Defendant next argues that the trial court erred in failing to grant his motion for acquittal because the victim was incompe-

tent to testify. The burden of establishing incompetency rests on the challenger and K.S.A. 60-417 directs the issue to the discretion of the trial court. Thus, in order for a witness to be disqualified, the trial court must be convinced the witness is incapable of expressing himself concerning the matter so as to be understood by the judge and jury, or is incapable of understanding the duty of a witness to tell the truth. *State v. Thrasher*, 233 Kan. 1016, 1018, 666 P.2d 722 (1983).

The trial court held a hearing prior to the commencement of trial to determine R.'s competency to testify. R.'s testimony indicated that he understood what a lie was and that the oath meant "to be honest before God. Honest. Honest." He also stated that he would "lose in lying" and "I must be honest. I should not lie." R.'s testimony is sometimes vague and certainly juvenile but it is responsive and easily understood. We conclude that there is nothing in the record to suggest that the trial court abused its discretion in permitting R. to testify.

Finally, defendant maintains that the lewd and lascivious conduct statute (K.S.A. 21-3508[1][b]) is unconstitutionally overbroad as applied to the facts in this case. Since the State relied on the crime of exposure as the unlawful sexual act underlying the incestuous conduct, defendant claims that he was found guilty simply because he likes to be nude in the privacy of his own home. However, the additional requirements of K.S.A. 21-3508 that the offender intend his exposure to arouse or gratify sexual desires of himself or his victim and that the exposure be without the consent of the victim makes the offense narrow and specific. Furthermore, the evidence in this case that defendant touched the victim's penis indicates that specific intent was present; defendant's nudity was not a mere circumstance of habit. In sum, it cannot be said that K.S.A. 21-3508 was so vague or overbroad that an ordinary person would have to guess at its meaning. *State v. Garrett*, 235 Kan. 768, 776, 684 P.2d 413 (1984).

Affirmed.