**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Calvin COX, Defendant–Appellant.**

**No. 90–3091.**

United States Court of Appeals, Tenth Circuit.

April 10, 1991.

**1512**

Robert S. Streepy, Asst. U.S. Atty. (Lee Thompson, U.S. Atty., James M. Hoagland, Sp. Asst. U.S. Atty., with him on the brief), Kansas City, Kan., for plaintiff-appellee.

Michael L. Harris, Asst. Federal Public Defender (Charles D. Anderson, Federal Public Defender, with him on the brief), Kansas City, Kan., for defendant-appellant.

Before BALDOCK and BRORBY, Circuit Judges, and ANDERSON,* District Judge.

BRORBY, Circuit Judge.

## I. OVERVIEW

Defendant-appellant, Calvin Cox (hereinafter "Defendant"), appeals from the decision of the United States District Court affirming his conviction under 18 U.S.C. § 13 [1] (hereinafter "Assimilative Crimes Act") of lewd and lascivious behavior in violation under K.S.A. 21–3508(1)(b) (1988). Defendant was convicted in a bench trial to the United States Magistrate Court at Leavenworth, Kansas, received a suspended sentence, and was placed on unsupervised probation for two years. Defendant raises the following claims of error on appeal: (1) that "[t]he [trial] court erred in failing to grant Appellant's Motion for Judgment of Acquittal at the close of the government's case in chief"; and (2) that "a review of all the evidence fails to establish a violation of K.S.A. 21–3508[(1)(b) ]". We disagree and therefore affirm.

## II. FACTS

At the trial proceedings before the Magistrate Court, the government presented only one witness in its case in chief—the complaining witness, Martha Grimm. On direct examination, Mrs. Grimm testified that on August 24, 1989, she entered the parking lot in front of the commissary at Fort Leavenworth, parked her car near the entrance, and while exiting her car noticed a "young man in the next car with nothing on from the waist down. The seat of the car was reclined and he was fully relaxed." Mrs. Grimm further testified on direct: that she saw the genitalia of the man; that at that time, there was no indication he was changing clothes, or doing anything else

---

* The Honorable Aldon J. Anderson, Senior United States District Court Judge for the District of Utah, sitting by designation.

1. 18 U.S.C. § 13(a) (1988) provides:

Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

other than just sitting there; that the man she saw seated in the car was the Defendant; that she is not married to Defendant; and that she did not consent to what he did that day.

On cross-examination, defense counsel elicited from the witness that at the time she observed the Defendant, he was not in a state of sexual arousal, nor did it appear he was attempting to arouse her sexually. Mrs. Grimm also acknowledged she did not see anyone else in the vicinity at the time she observed Defendant, but on redirect, indicated that the positioning of the cars in the parking lot would have necessitated other patrons having to pass by Defendant's car. Mrs. Grimm testified that Defendant's eyes were open, but he looked directly ahead, not exhibiting any indications he was aware of her presence. Mrs. Grimm stated it was her belief, however, that Defendant was aware someone was present based on the assumption that he must have heard her car door slam since she had parked directly next to his car, and his window was down.

At the conclusion of Mrs. Grimm's testimony, the government rested, and Defendant moved for a motion to dismiss based on insufficiency of evidence. The motion was denied by the court, and Defendant then proceeded to present evidence, including his own testimony. At the close of all the evidence, no new motions were made, nor did Defendant renew his earlier motion.

## III. DISCUSSION

■ We construe Defendant's motion to dismiss based on a claim of insufficient evidence of the offense as a motion for judgment of acquittal pursuant to Fed.R. Crim.P. 29(a). *United States v. Bowie,* 892 F.2d 1494, 1496 (10th Cir.1990). Before addressing the propriety of the court's determination regarding Defendant's motion for acquittal, we address the issue of waiver. In this circuit, we follow the waiver rule, which provides:

> [A] defendant who move[s] for a judgment of acquittal at the close of the government's case must move again for a judgment of acquittal at the close of

the entire case if he thereafter introduces evidence in his defense because, by presenting such evidence, the defendant is deemed to have withdrawn his motion and thereby to have waived any objection to its denial.

*Id.* (citing *United States v. Lopez,* 576 F.2d 840, 842 (10th Cir.1978)). *See also United States v. Douglas,* 668 F.2d 459, 461 (10th Cir.), *cert. denied,* 457 U.S. 1108, 102 S.Ct. 2908, 73 L.Ed.2d 1317 (1982). Modifications to the rule, however, have rendered its effect relatively insignificant. For example, this court has held that even if the acquittal motion is renewed at the close of all the evidence, the defendant's right to a sufficiency of the evidence review *based solely on the government's case* is nevertheless waived once the defendant presents evidence. *Bowie,* 892 F.2d at 1496. Likewise, even if an acquittal motion is not renewed at the close of the evidence, this court will still review for plain error pursuant to Fed.R.Crim.P. 52(b). *Id.; see also United States v. Parrott,* 434 F.2d 294, 295 (10th Cir.1970) (review for plain error despite waiver), *cert. denied,* 401 U.S. 979, 91 S.Ct. 1211, 28 L.Ed.2d 330 (1971).

■ In the instant case, Defendant presented evidence following the government's case in chief and did not move for a judgment of acquittal at the close of all the evidence. Defendant's first claim of error challenging the trial court's determination on the motion for judgment of acquittal based solely on the government's case in chief is therefore removed from consideration. *Bowie,* 892 F.2d at 1496. Thus, the only remaining issue is whether the evidence, in its entirety, sufficiently establishes a violation of K.S.A. 21–3508(1)(b).

On this point, Defendant contends the evidence, even when viewed in its entirety, fails to establish an essential element of the charged offense—"the prohibited sexual intent." We have held that when a charge is brought pursuant to the Assimilative Crimes Act, "federal courts are not required to follow specific provisions of state law which go beyond establishing the elements of an offense and the range of punishment." *United States v. Sain,* 795

**1514**

F.2d 888, 890 (10th Cir.1986). K.S.A. 21–3508(1) provides:

> Lewd and lascivious behavior is: ... (b) the exposure of a sex organ in a public place, or in the presence of a person who is not the spouse of the offender and who has not consented thereto, *with intent to arouse or gratify the sexual desires of the offender or another.*

*Id.* (emphasis added). In defending an overbreadth challenge to the statute, the Kansas Court of Appeals emphasized this intent element in *State v. Perrigo*, 10 Kan. App.2d 651, 708 P.2d 987, 991 (1985), stating "the additional requirements of K.S.A. 21–3508 that the offender intend his exposure to arouse or gratify sexual desires of himself or his victim and that the exposure be without the consent of the victim makes the offense narrow and specific." Thus, the intent element of K.S.A. 21–3508(1)(b) is clearly established in Kansas law.

■ In reviewing sufficiency of evidence claims where the motion for judgment of acquittal is not renewed at the close of all the evidence, plain error language is sometimes used, *United States v. Walker*, 915 F.2d 1463, 1466 (10th Cir.1990) (providing the district court's judgment shall not be reversed absent a showing of "manifest error and it is necessary to prevent a miscarriage of justice"); *Hughes v. United States*, 320 F.2d 459, 460 (10th Cir.1963) ("miscarriage of justice"), *cert. denied*, 374 U.S. 966, 84 S.Ct. 483, 11 L.Ed.2d 415 (1964), yet the standard actually applied is "essentially the same as if there had been a timely motion for acquittal." *Bowie*, 892 F.2d at 1497; *Corbin v. United States*, 253 F.2d 646, 648 (10th Cir.1958) (reviewing for substantial evidence, although initially setting out the plain error standard). Accordingly, Defendant's waiver of his objection to the court's denial of a motion for judgment of acquittal does not alter our standard of review, "which remains an independent review of the legal question of sufficiency." *Bowie*, 892 F.2d at 1497 (quoting 2 S. Childress & M. Davis, *Standards of Review* § 9.11, at 65 & § 9.12 (1986)). We have held the proper test for judging the sufficiency of evidence in criminal cases is as follows:

> [Whether] on the basis of the whole record, "[t]he evidence—both direct and circumstantial, together with the reasonable inferences to be drawn therefrom—is sufficient if, when taken in the light most favorable to the government, a reasonable [trier of fact] could find the defendant guilty beyond a reasonable doubt."

*Bowie*, 892 F.2d at 1497 (quoting *United States v. Hooks*, 780 F.2d 1526, 1531 (10th Cir.), *cert. denied*, 475 U.S. 1128, 106 S.Ct. 1657, 90 L.Ed.2d 199 (1986)).

■ In this case, the evidence regarding Defendant's public nudity is undisputed. Nevertheless, we agree with Defendant that the "fact of exposure" alone is insufficient to establish the requisite intent under K.S.A. 21–3508(1)(b). Bearing in mind that we must view all evidence in a light most favorable to the government, *United States v. Alonso*, 790 F.2d 1489, 1492 (10th Cir.1986), however, we are also convinced that the circumstances surrounding Defendant's exposure here provide adequate support for the court's determination that the intent element of the statute was fulfilled. In *United States v. Price*, 795 F.2d 61, 63 (10th Cir.1986), this court held that intent and knowledge may be inferred from surrounding circumstances. *See also Hooks*, 780 F.2d at 1529 ("[a] criminal conviction may be sustained on wholly circumstantial evidence"); *Perrigo*, 708 P.2d at 991 (inferring specific intent element from the circumstantial evidence presented). The government, in *Price*, was required to prove the defendant circulated a check *knowing* it was forged and *intending* to defraud the United States in order to prove a violation of the statute. 795 F.2d at 61. In that case, we held the requisite intent could be established through the showing of "an act which the actor knows will interfere with the government's regular payment of funds to a lawful recipient." *Id.* at 63. Similarly, we now hold that the intent required under K.S.A. 21–3508(1)(b) may be inferred by conduct indicating the person knew or should have known his public exposure would likely be observed by others, but did nothing to impede or obstruct the

viewing. In so holding, we hope to clarify that while public exposure is not per se violative of the statute,[2] public exposure occurring at a time and place where the person knows or should know it will likely be observed provides sufficient circumstantial support for a reasonable trier of fact to infer the requisite sexual intent under K.S.A. 21–3508(1)(b).

In this case, Defendant parked near the front entrance of a commissary during normal business hours; his exposure endured for a prolonged period of time[3]; his car window was down and his sun roof open; he was awake at the time he was observed; and he made no attempt to cover himself or otherwise avoid being observed. With the proper standard in mind, we find it is a reasonable inference from these facts that Defendant indeed intended his exposure "to arouse or gratify [his] sexual desires ... or [those of] another." K.S.A. 21–3508(1)(b). Accordingly, we uphold the judgment of the magistrate court,[4] and the district court's affirmance thereof.

## IV. CONCLUSION

For the above reasons, we AFFIRM the decision of the district court.

2. The government concedes that had the defendant exposed his sex organ in a public place which reasonably accommodated privacy, such as a lavatory, a dressing room or a deserted field, evidence of sexual intent would be more difficult to discern. Likewise, similar public exposure occurring in the middle of the night at a place where it was unlikely the actor would be observed by other nonconsenting persons, may be insufficient to establish the necessary intent for this offense. See generally 53 C.J.S. Lewdness § 4; State v. Broad, 61 Haw. 187, 600 P.2d 1379 (1979).

3. While the exact time period of Defendant's exposure is unclear, the record clearly indicates a significant time elapsed. Particularly in that

Defendant was still exposed when the military police, who were responding to Mrs. Grimm's report, arrived.

4. At the end of the proceedings before the United States Magistrate Court on February 14, 1990, the following ruling was announced:

[A]fter sifting through the believable evidence here the Court finds that the Government has sustained its burden of proof beyond a reasonable doubt and that the defendant was in fact on August the 24th 1989 exposing his sexual organs in a public place in the presence of others, either for the purpose of gratifying his own sexual desires whether usual or unusual, or the sexual desires of others.