10 F.3d 810
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond Aursby, aka Wiley Holman, T/N James Rayvone Aursby,
Defendant-Appellant.
 No. 93-3001.
 United States Court of Appeals, Tenth Circuit.
 Nov. 18, 1993.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, SETH, and ALDISERT[2], Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Raymond Aursby appeals from his conviction in district court of knowingly attempting to engage in a sexual act with a person under twelve years of age. Mr. Aursby was convicted of violating 18 U.S.C. 2241(c), 2244(a)(1), 2245(3) and 7(3). He was sentenced to forty-eight months imprisonment followed by three years of supervised release. We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 I. INTRODUCTION
 
 3
 Mr. Aursby[3] and his wife, Delores Bishop[4], travelled to Junction City, Kansas to visit Ms. Bishop's son, Derrick Bishop. After being asked to leave Derrick's house, Mr. Aursby and his wife were invited to stay in the home of Paula Davis and Sergeant Lesby Davis.
 
 
 4
 On the morning June 22, 1992, after the Davises left for work, one of the Davis children, Toni Cotten, reported that Mr. Aursby had come into her room and laid down behind her on her bed. Mr. Aursby placed his arm on Toni's stomach and placed what Toni reported as Mr. Aursby's private part between her buttocks and began to move it up and down. After four to five minutes of this activity, Mr. Aursby placed his hand on Toni's inner thigh and moved his hand toward her vagina. Toni then indicated she was fully awake and Mr. Aursby left the room. Toni reported this incident to her mother who asked Mr. Aursby and Ms. Bishop to leave the house. Mr. Aursby and his wife then left Junction City and Mr. Aursby was arrested in Kansas City, Missouri.
 
 II. DISCUSSION
 
 5
 Mr. Aursby contends that the district court erred when it qualified Sergeant Joan Brown as an expert in child abuse matters. The decision on the qualification of an expert is within the sound discretion of the district court and is reviewed using the abuse of discretion standard. United States v. McDonald, 933 F.2d 1519, 1522 (10th Cir.), cert. denied, 112 S.Ct. 270 (1991).
 
 
 6
 Fed.R.Civ.P. 702 states: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Sergeant Brown is a behavioral science specialist concentrating in child abuse with the U.S. Army and is the coordinator for the child abuse team at Fort Riley. Sergeant Brown testified on direct examination that she was in her third year of her bachelor's degree in social work and that, at least twice a year, she was involved with continuing education in the area of social work and child abuse. Sergeant Brown reported that she had testified as an expert over 100 times in court and had been involved with over 500 cases of child abuse in her military career. Based on these facts, we hold that the district court did not abuse its discretion in qualifying Sergeant Brown as an expert.
 
 
 7
 Mr. Aursby asserts that Sergeant Brown was allowed to testify on the ultimate issue of the victim's credibility. Fed.R.Evid. 103(a) states:
 
 
 8
 Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
 
 
 9
 (1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context....
 
 
 10
 In order to urge error on appeal, a defendant must object at trial. Chevron, U.S.A., Inc. v. Hand, 763 F.2d 1184, 1186 (10th Cir.1985). In the absence of any objection to Sergeant Brown's opinion testimony, we hold that the admission of her testimony is beyond our review.
 
 
 11
 Mr. Aursby further contends that the court erred in not allowing the nine-year-old victim to be interviewed prior to trial by defendant's expert. 18 U.S.C. 3509(c)(9) only requires a psychiatric examination of a child victim if the district court finds that compelling reasons exist for such an examination. We agree with the district court that no such reasons were shown.
 
 
 12
 Next, Mr. Aursby asserts that there was insufficient evidence to convict him of these charges. In evaluating questions of sufficiency of evidence this court views the evidence in a light most favorable to the government and examines the evidence to determine whether a rational jury could find the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); United States v. Cox, 929 F.2d 1511, 1514 (10th Cir.1991). We hold that the evidence in this case was sufficient to convict the defendant on all the charges.
 
 
 13
 Finally, Mr. Aursby contends that the district court erred in: (1) failing to continue the trial, (2) failing to order a new trial; (3) failing to remove the victim's mother from the courtroom during the victim's testimony; and (4) overruling the pretrial motions and the objections during the trial. We hold that these arguments are without merit.
 
 III. CONCLUSION
 
 14
 We AFFIRM the rulings of the district court for substantially the reasons stated in its opinion.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 The Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit sitting by designation
 
 
 [3]
 At the time of the crime, Mr. Aursby was operating under the name James Holman. We will refer to the defendant as Mr. Aursby
 
 
 [4]
 At the time of the events covered by this opinion Delores Bishop was operating under the name Delores Holman