**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 9 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CHARLES BRADLEY BEVANS,

    Defendant-Appellant.

Case No. 96-7098

(D.C. CR-96-24-B)
(Eastern District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

---

After examining the briefs and appellate record, this panel has unanimously determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant Charles Bradley Bevans appeals his conviction for possession by a felon of a firearm, in violation of 18 U.S.C. § 922(g). Mr. Bevans argues that

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

there was insufficient evidence for his conviction, contending that his possession of firearms was supported by nothing more than an extrajudicial confession. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. BACKGROUND

Agents of the Drug Enforcement Administration ("DEA") executed a search warrant on the residence that Mr. Bevans shared with Mr. Joe David Ogiela, whom the DEA agents had been investigating for drug trafficking. The search uncovered two firearms, a Ruger 10/22 rifle and a Ruger .357 magnum pistol, which were seized by the DEA agents.

Several days after the search, Mr. Bevans appeared at the local DEA office and demanded "his" guns back. Rec. vol. II, at 29 (Trial tr. of May 8, 1996; test. of DEA agent Juan A. Beal). Mr. Bevans reportedly said: "[T]he pistol, and the Ruger 10/22 rifle, are mine [not Mr. Ogiela's]." Id. Based upon this evidence, Mr. Bevans was indicted and convicted under § 922(g).

## II. DISCUSSION

On appeal, Mr. Bevans argues that his admission at the DEA office was uncorroborated and insufficient, by itself, to establish that he, rather than Mr. Ogiela, possessed the firearms in question. Mr. Bevans does not contest the

2

sufficiency of the evidence for any element of his conviction other than possession.  See United States v. Mains, 33 F.3d 1222, 1228 (10th Cir. 1994) (stating elements under § 922(g)).

The sufficiency of the evidence is a question of law subject to de novo review.  See United States v. Markum, 4 F.3d 891, 893 (10th Cir. 1993). Evidence is sufficient to support a conviction if the evidence and the reasonable inferences drawn therefrom, when viewed in the light most favorable to the government, would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt.  See id.  We have repeatedly noted the limited and deferential nature of appellate review of sufficiency of the evidence claims, stating that we will not overturn a jury's finding unless no reasonable juror could have reached the disputed verdict.  See, e.g., United States v. Chavez-Palacios, 30 F.3d 1290, 1293 (10th Cir. 1994); United States v. Hoenscheidt, 7 F.3d 1528, 1530 (10th Cir. 1993).

To obtain a conviction under § 922(g), the government must establish, inter alia, that the defendant actually or constructively possessed a firearm.  See United States v. Cardenas, 864 F.2d 1528, 1533 (10th Cir. 1989).  Generally, a person has constructive possession of an object if he knowingly has ownership, dominion, or control over the object and over the premises where the object is

found.  See United States v. Hager, 969 F.2d 883, 888 (10th Cir. 1992) (discussing constructive possession of narcotics under 21 U.S.C. § 841(a)(1)).

No element of a criminal offense may be established simply based on an extrajudicial confession; the extrajudicial confession must be corroborated.  See Smith v. United States, 348 U.S. 147, 154-55 (1954) ("Although . . . it is clear that the [defendant's] statement is not a confession admitting to all the elements of the offense . . . [w]e hold the rule [against convictions based on uncorroborated, extrajudicial confessions] applicable . . . .").  Corroboration of an extrajudicial confession is required because the confession's "reliability may be suspect if it is extracted from one who is under the pressure of a police investigation — whose words may reflect the strain and confusion attending his predicament rather than a clear reflection of his past."  Id. at 153.

In this case, the evidence before the jury was as follows:  The Ruger rifle and pistol were found in a residence occupied by Mr. Bevans and Mr. Ogiela. From this, the jury could have inferred that the firearms belonged to one or both of the two men.  That the rifle belonged to Mr. Bevans, and not to Mr. Ogiela, was supported not merely by Mr. Bevans's admission at the DEA office; Mr. Bevans's admission was corroborated by the testimony of Mr. Ogiela.  During cross-examination of Mr. Ogiela by the government, the following colloquy occurred:

4

Q. And [Mr. Bevans] had a Ruger rifle and pistol?

A. The pistol wasn't his, sir.

Rec. vol. II, at 78 (Trial tr. of May 8, 1996; test. of Mr. Ogiela). From Mr. Ogiela's response, as indirect as it was, the jury could have inferred that Mr. Bevans, not Mr. Ogiela, possessed the Ruger rifle. See United States v. Price, 795 F.2d 61, 63 (10th Cir. 1986) (observing that missing elements of the prosecution's case can be supplied after the close of the government's case-in-chief). Mr. Ogiela's testimony distinguishes this from the case on which Mr. Bevans principally relies, United States v. Blue, 957 F.2d 106 (4th Cir. 1992), in which the government produced no evidence that linked the defendant with the firearm in question. See id. at 108.

Unlike the rifle, though, Mr. Bevans's confessed ownership of the pistol was not corroborated. The mere fact that the pistol was found in Mr. Bevans's residence does not tend to suggest that he constructively possessed it. See Hager, 969 F.2d at 888 (noting that constructive possession requires ownership, dominion, or control not only over the premises where the object is found, but also over the object itself).

However, the lack of corroboration on the pistol is not fatal to Mr. Bevans' conviction. A conviction under § 922(g) requires proof of possession of a "firearm," not multiple firearms. 18 U.S.C. § 922(g) (1994). It is true that the pertinent count of the indictment charged Mr. Bevans with possessing the rifle

5

"and" the pistol, rather than the rifle "or" the pistol.  Rec. vol. I, doc. 9 at 6 (Indictment filed Mar. 20, 1996).  However, we will not disturb a sufficiently supported conviction merely because the indictment was inartfully drafted.  See United States v. Parrish, 925 F.2d 1293, 1297 (10th Cir. 1991) (refusing to construe an indictment so as to require establishment of elements that the statute (18 U.S.C. § 924(c)) did not make necessary for conviction).

## III.  CONCLUSION

Because Mr. Bevans's confessed possession of the rifle was corroborated by Mr. Ogiela, and because possession of the pistol was unnecessary to establish that Mr. Bevans was a felon in possession of a firearm, we AFFIRM the district court.  The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge