**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 23 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARK CRAWFORD,

Defendant-Appellant.

No. 98-7045
(D.C. No. CR-97-24-3-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **BARRETT** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In this direct criminal appeal, defendant challenges his convictions on seven drug trafficking charges, and his resulting concurrent sentences of 240 and 262 months' imprisonment. Regarding his convictions, defendant argues that the trial court 1) violated Fed. R. Crim. P. 11; 2) should have granted a judgment of acquittal on the conspiracy charge due to a lack of evidence; 3) erred in allowing an in-court identification of defendant that was based upon an impermissibly suggestive out-of-court photographic identification; and 4) should have precluded the testimony of the government's cooperating witness. In challenging his sentences, defendant argues that the district court 1) erred in classifying him as a career offender; and 2) permitted the government to increase his sentences improperly by making multiple controlled purchases of crack cocaine from defendant, for no other reason that to increase the amount of crack cocaine for which he could be sentenced. We affirm.

I.      CONVICTIONS

Defendant contends that the trial court violated Fed. R. Crim. P. 11 by allowing a government witness to identify defendant's recorded voice, based upon the witness's having heard defendant speak during plea negotiations. This court interprets federal rules de novo.    See United States v. Roman-Zarate , 115 F.3d 778, 781 (10th Cir. 1997).

Rule 11(e)(6) generally precludes the admission against a defendant of statements made during plea discussions. See also Fed. R. Evid. 410. Because the trial court did not admit any substantive statements made during the plea negotiations, however, the court did not violate Rule 11(e)(6) by allowing the government witness to identify defendant's voice based upon his observations made during the plea discussions. See United States v. Oriakhi, 57 F.3d 1290, 1299-1300 (4th Cir. 1995).

Defendant next argues that there was insufficient evidence to support his conspiracy conviction. Because defendant failed to renew his motion for acquittal after he presented evidence on his behalf, this court will review this claim only for manifest error. See United States v. Walker, 915 F.2d 1463, 1466 (10th Cir. 1990). Nonetheless, the legal question for de novo review remains the same – whether "on the basis of the whole record, [t]he evidence . . . is sufficient, . . . when taken in the light most favorable to the government, [that] a reasonable [trier of fact] could find the defendant guilty beyond a reasonable doubt." United States v. Cox, 929 F.2d 1511, 1514 (10th Cir. 1991) (further quotation omitted).

The record does contain sufficient evidence to support defendant's conspiracy conviction. Among other things, the evidence established a direct connection between an ongoing drug trafficking conspiracy headed by Gregory Gordon and the house from which defendant sold crack to the government's

cooperating witness. Further, the cooperating witness had previously purchased crack from Mr. Gordon and another of his conspirators at the same house. Defendant stated to the cooperating witness that Mr. Gordon was defendant's uncle, and that defendant got his "stuff" from Mr. Gordon. This evidence was sufficient to support defendant's conspiracy conviction. See generally United States v. Vaziri, 164 F.3d 556, 565 (10th Cir. 1999) (setting forth necessary elements of conspiracy).

Defendant argues that his convictions resulted from an improperly suggestive out-of-court photographic identification, asserting that law enforcement agents showed the cooperating witness a single photograph, from which she identified defendant as the individual from whom she had purchased crack cocaine on six previous occasions. Because he did not raise this issue before the district court, we review this argument only for plain error. See Haskins v. United States, 433 F.2d 836, 838 (10th Cir. 1970) (citing Fed. R. Crim. P. 52(b)).

Even assuming that the out-of-court photographic identification was unduly suggestive, the subsequent in-court identification was, nevertheless, reliable when viewed under the totality of the circumstances. See United States v. Smith, 156 F.3d 1046, 1050 (10th Cir. 1998), cert. denied, 119 S. Ct. 844 (1999); United States v. Flores, 149 F.3d 1272, 1278-79 (10th Cir. 1998), cert. denied, 119 S. Ct.

849 (1999). The cooperating witness had met with, and attempted to purchase crack from, defendant on seven or eight separate occasions. See United States v. Klein, 93 F.3d 698, 702 (10th Cir. 1996) (in-court identification was sufficiently reliable, despite suggestive pretrial photo identification, where witness met with defendant on three occasions to negotiate or conduct controlled substance transactions). On one of these occasions, the cooperating witness was able to identify defendant at a car wash, rather than at the crack house where she usually purchased drugs from him. Additionally, she was able accurately to describe defendant to law enforcement officials. See id. (in-court identification was sufficiently reliable where, among other things, witness was able to describe defendant accurately, except for height). In light of the totality of these circumstances, there is not a substantial likelihood that the cooperating witness misidentified defendant. See Smith, 156 F.3d at 1051 (describing five factors to be weighed against corruptive effect of suggestive pretrial identification).

Defendant further contends that the trial court should have precluded the testimony of the government's cooperating witness in light of United States v. Singleton, 144 F.3d 1343 (10th Cir. 1998). This court, however, has subsequently overturned that decision. See United States v. Singleton, 165 F.3d 1297 (10th Cir. 1999) (en banc).

II.    SENTENCING

Defendant challenges his sentences, arguing that the district court erred in classifying him as a career offender based upon the court's determination that his prior Oklahoma felony conviction for throwing rocks at an occupied moving school bus was a crime of violence. See U.S.S.G. § 4B1.1. We review de novo the district court's determination that defendant was a career offender. See United States v. Mitchell, 113 F.3d 1528, 1532 (10th Cir. 1997), cert. denied, 118 S. Ct. 726 (1998).

For purposes of determining whether a defendant is a career offender, the Sentencing Guidelines define a crime of violence, in pertinent part, as a state or federal offense, punishable by imprisonment for a term exceeding one year, that "has as an element the use, attempted use, or threatened use of physical force against the person of another, . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a). Defendant pled guilty to "unlawfully, wilfully, knowingly . . . throw[ing] or drop[ping] a rock on or at . . . a [s]chool bus, while [it] was travelling East on Highway 270, . . . and being driven occupied by one Bobby Walker," R. vol. VI, Government's Amended Objection to Presentence Report, ex. 87, a felony under Oklahoma law punishable by up to ten years' imprisonment, see Okla. Stat. Ann. tit. 47, § 11-1111. Because the conduct to which he pled guilty, "by its nature

presented a serious potential risk of injury," United States v. Coronado-Cervantes, 154 F.3d 1242, 1244-45 (10th Cir. 1998), the district court did not err in classifying defendant as a career offender under § 4B1.1.

Lastly, defendant argues that the government improperly increased the amount of controlled substances for which he was sentenced by continuing to make controlled buys after it had gathered sufficient evidence against him. While, absent a legitimate investigatory purpose, the government "could not continue to conduct these transactions *ad infinitum* thereby constantly increasing the charges," United States v. Harris, 997 F.2d 812, 818-19 (10th Cir. 1993), the district court found that the government had a legitimate investigatory purpose for the number of controlled buys it made from defendant. That factual finding was not clearly erroneous. See United States v. Baker, 63 F.3d 1478, 1499 (9th Cir. 1995). "Police must be given leeway to probe the depth and extent of a criminal enterprise to determine whether coconspirators exist, and to trace the drug deeper into the distribution hierarchy." Harris, 997 F.2d at 819 (further quotation omitted). The government's conduct in this case, therefore, was not sufficiently outrageous to violate due process. See id.; see also, e.g., Baker, 63 F.3d at 1500; United States v. Barth, 990 F.2d 422, 425 (8th Cir. 1993).

The judgment of the United States District Court for the Eastern District of Oklahoma is, therefore, AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge