940 F.2d 1539
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James JOHNSON, Defendant-Appellant.
 No. 90-4115.
 United States Court of Appeals, Tenth Circuit.
 Aug. 12, 1991.
 
 Before LOGAN and BRORBY, Circuit Judges, and BRIMMER, Chief Judge.*
 ORDER AND JUDGMENT**
 CLARENCE A. BRIMMER, Chief Judge.
 
 
 1
 Defendant-appellant James Johnson (defendant) was charged on October 11, 1989 with conspiracy and attempt to manufacture methamphetamine and use of a firearm in the commission of a drug trafficking offense. The trial court denied defendant's motion to dismiss based on outrageous government conduct on March 19, 1990. Defendant then pleaded guilty on March 20, 1990, pursuant to a plea agreement with plaintiff-appellee United States (United States), to conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. Secs. 841(a)(1) and 846. The agreement contained a stipulation of facts, which was considered by the court along with other information at the time defendant entered his guilty plea, and accepted as an adequate factual basis for the plea. Defendant filed his motion to set aside the guilty plea and his motion to correct and/or limit stipulated facts of the plea bargain agreement on June 4, 1990. The court denied both motions, but directed the probation office to provide information in addition to the stipulation of facts for purposes of sentencing. At defendant's sentencing, the court made specific findings as regards the base level of the offense and defendant's leadership role therein.
 
 
 2
 Defendant appeals the denial of his motions, the court's consideration of the ability and intent of the defendant to produce the amount of drugs utilized by the court in enhancing defendant's sentence, the court's finding that defendant was an organizer and leader of the conspiracy justifying an upward adjustment of two levels under sentencing guidelines, and the court's failure to look beyond the Probation Department report in enhancing defendant's sentence. After examining the record, including transcripts of hearings on defendant's motions and sentencing, we are satisfied that the fact findings of the district court are not clearly erroneous and that its application of the law was correct.
 
 
 3
 We affirm the denial of defendant's motion to dismiss for outrageous government conduct for substantially the reasons stated by the district court at the conclusion of the hearing on the motion on March 19, 1990. Likewise, we affirm the denial of defendant's motion to withdraw his guilty plea and his motion to correct and/or limit the stipulation of facts of the plea agreement for substantially the reasons stated by the district court at the conclusion of the hearing on the motions on June 21, 1990.
 
 
 4
 As regards the calculation of defendant's base offense level, we find that the district court properly estimated "the ultimate quantity of producible drugs." United States v. Havens, 910 F.2d 703, 705 (10th Cir.1990). Defendant challenged the calculation of the ultimate quantity of producible drugs contained in the Probation Office's presentence report. In response to this challenge, the court directed the Probation Office to investigate further the calculation of producible drugs contained in the report.
 
 
 5
 Further inquiry provided support for a finding of an "ultimate quantity of producible drugs" of between 15 and 49.4 kilograms of cocaine equivalent,[1] justifying a base offense level of 34. Defendant was sentenced at this level. Defendant now challenges the original finding of the Probation Office report of a conversion of the precursor chemicals stipulated to by defendant to the equivalent of 44 pounds of methamphetamine, or 39.9 kilograms of cocaine.
 
 
 6
 Defendant asserts that, at most, the evidence would support a conversion to 31 to 40 pounds of methamphetamine. Accepting defendant's calculation, which is unsupported by any testimony or documentary evidence, results in a cocaine equivalency of between approximately 28 kilograms and approximately 36 kilograms of cocaine, well within the range of quantity of cocaine justifying a base level of 34. While we see no error in the district court's estimation of the ultimate quantity of producible drugs, even defendant's calculation produces the same base offense level.
 
 
 7
 Defendant next challenges the sentence enhancement imposed by the district court based on its finding that defendant was an organizer and leader of the conspiracy. Defendant asserts that the record nowhere identifies him as the organizer of the conspiracy. We find, however, that the record fully supports such a conclusion. The record clearly establishes that defendant's participation was crucial because of his knowledge of the processes and equipment to be used to manufacture methamphetamine. Further, it was defendant who put together the list of chemicals and equipment needed to produce methamphetamine, and who requested that the undercover agent in the case obtain these necessary items. We find no error in the enhancement of sentence based on defendant's leadership role in the conspiracy. The record in this case fully supports the sentence imposed by the district court.
 
 AFFIRMED
 
 
 *
 The Honorable Clarence A. Brimmer, Chief Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Sentencing guidelines in effect at the time called for conversion from one gram of methamphetamine to 2 grams of cocaine equivalent. U.S.S.G. Sec. 2D1.1, Drug Equivalency Table (November 1, 1988)