940 F.2d 1539
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry M. JENSEN, Defendant-Appellant.
 No. 90-4110.
 United States Court of Appeals, Tenth Circuit.
 Aug. 12, 1991.
 
 Before LOGAN and BRORBY, Circuit Judges, and BRIMMER, Chief Judge.*
 ORDER AND JUDGMENT**
 CLARENCE A. BRIMMER, Chief Judge.
 
 
 1
 Defendant-appellant Larry M. Jensen (defendant) was charged on October 11, 1989 with conspiracy and attempt to manufacture methamphetamine and use of a firearm in the commission of a drug trafficking offense. Defendant pleaded guilty to conspiracy to manufacture methamphetamine, in exchange for the government's dismissal of the attempt to manufacture methamphetamine and gun charges.
 
 
 2
 Defendant was sentenced on July 17, 1990, over defendant's objections to the presentence report of the Probation Office. Defendant appeals on the bases of asserted error in the district court's calculation of the base offense level, in the district court's refusal to depart downward from sentencing guidelines, and the district court's enhancement of sentence for obstruction of justice. After examining the record, we are satisfied that the fact findings of the district court are not clearly erroneous and that its application of the law was correct.
 
 
 3
 Defendant first challenges the calculation of the base offense level, arguing that the evidence did not support the presentence report which concluded that 55 pounds of the precursor chemical ephedrine converts to 39.8 kilograms of cocaine equivalency, thus establishing a base offense level of 34. Defendant asserts that ephedrine is not mentioned in the United States Sentencing Guidelines (U.S.G.S.), nor convertible under the guidelines.
 
 
 4
 In United States v. Havens, 910 F.2d 703, 705 (10th Cir.1990), we held "that the trial court, upon proper testimony, may estimate the ultimate quantity of producible drugs." In the instant case, the district court, relying on evidence gathered by the probation office supporting the base offense level calculation, determined that the precursor ephedrine, in the undisputed amount of 55 pounds, when combined with other necessary chemicals, will produce 19.9 kilograms of methamphetamine. The 19.9 kilograms of methamphetamine was then converted, pursuant to U.S.G.S. Sec. 2D1.1 (November 1, 1988), to 39.8 kilograms of cocaine for base offense level calculations. The 39.8 kilogram cocaine equivalency fell well within base offense level 34, which covers offenses involving 15 to 49.4 kilograms of cocaine. Defendant here does not challenge to conversion to an equivalent amount of cocaine, but challenges the district court's failure to give any justification for the conversion from 55 pounds of ephedrine to 19.9 kilograms of methamphetamine.
 
 
 5
 At sentencing defendant offered no evidence to challenge the conversion from ephedrine to methamphetamine. However, at that time, the district court suspended the sentencing hearing and directed the Probation Office to make further inquiry relative to the conversion of ephedrine to methamphetamine. Upon this direction, the Probation Office secured from Frederick A. Steinhauer, a forensic chemist with the United States Department of Justice Drug Enforcement Administration, an opinion that 55 pounds of ephedrine could be used to manufacture 18.75 kilograms of methamphetamine, or the equivalent of 37.5 kilograms of cocaine, still well within base offense level 34. Defendant has not challenged the conclusions of Steinhauer.
 
 
 6
 As regards the district court's refusal to depart downward, this Court notes that it is well established "when a sentence is within the guideline range ... then the district court's refusal to exercise its discretion to depart downward from the guideline range is not appealable." United States v. Davis, 900 F.2d 1524, 1530 (10th Cir.1990). Defendant asserts that a refusal to depart downward in this case would amount to a violation of due process, based on the assertion that he attempted to withdraw from the conspiracy, but was prevented from doing so by threats on his life. Defendant has produced no authority to support his contention that a refusal to mitigate the sentence of an admitted member of a conspiracy is a violation of due process when the defendant suffered threats by a coconspirator of physical violence during the pendency of the conspiracy.
 
 
 7
 Finally, defendant challenges the district court's enhancement of his sentence for obstruction of justice based on the court's finding that defendant testified untruthfully at the evidentiary hearing on his motion to dismiss. On March 14, 1990, defendant testified that codefendant James Johnson put a gun to defendant's head and accused defendant of being an agent of the United States Drug Enforcement Agency. The following day, defendant volunteered that Johnson struck him in the face because Johnson thought defendant had spread rumors regarding Johnson's personal life. When defendant was challenged as testifying falsely the previous day, defendant justified his failure to mention the second incident by offering that he did not want to embarrass Johnson. He does not, however, challenge the finding of the district court that he failed to testify truthfully on March 14, 1990. His belief that on March 15, 1990, he merely "supplemented" his March 14, 1990 testimony, and that his assertion that his explanation for doing so was somehow "reasonable" has no effect on the district court's finding, fully supported by the record, that defendant did in fact obstruct justice by testifying falsely.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable Clarence A. Brimmer, Chief Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3