UNITED STATES of America,
Plaintiff–Appellee,

v.

Joseph A. HAVENS,
Defendant–Appellant.

No. 89–2115.

United States Court of Appeals,
Tenth Circuit.

Aug. 6, 1990.

Teresa E. Storch, Asst. Federal Defender, Albuquerque, N.M., for defendant-appellant.

David N. Williams, Asst. U.S. Atty. (William L. Lutz, U.S. Atty., D.N.M., with him on the brief), Albuquerque, N.M., for plaintiff-appellee.

Before McKAY, BARRETT and EBEL, Circuit Judges.

McKAY, Circuit Judge.

This is an appeal from the sentence imposed on Joseph A. Havens after entering a plea of guilty to the charge of attempting to manufacture methamphetamine. Mr. Havens claims the district court erred in its judgment and sentencing decisions pursuant to the Federal Sentencing Guidelines. He argues that a due process violation occurred as a result of calculating the methamphetamine producible with the precursor chemicals in his possession when a critical chemical was not present. He also argues that the court erred in finding that the role he played in the offense was more than a minimal or minor role. Finally, Mr. Havens argues that the court erred in refusing to make a downward departure from the applicable sentencing range.

We review sentences imposed under the Sentencing Guidelines according to the standard provided by the Sentencing Reform Act of 1984 and codified at 18 U.S.C. § 3742 (1988). Section 3742(e) directs us to determine whether the sentence "(1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; (3) is outside the applicable guideline range ...; or (4) was imposed for an offense for which there is no applicable sentencing

guideline and is plainly unreasonable." 18 U.S.C. § 3742(e) (1988). Although we give "'due deference to the district court's application of the guidelines to the facts,' 18 U.S.C. § 3742(e), we review the application of the guidelines fully for errors of law." *United States v. Smith*, 888 F.2d 720, 723 (10th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1786, 108 L.Ed.2d 788 (1990) (citations omitted). The factual determinations made by the district court are reviewed under the clearly erroneous standard. *United States v. Rutter*, 897 F.2d 1558, 1563 (10th Cir.1990); *United States v. Beaulieu*, 893 F.2d 1177, 1181–82 (10th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 3302, 111 L.Ed.2d 811 (1990).

## I. ATTEMPT TO MANUFACTURE METHAMPHETAMINE

Mr. Havens entered a plea of guilty to the unlawful, knowing and intentional attempt to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846 (1988), and 18 U.S.C. § 2 (1988). This appeal concerns only the sentence for those offenses. The base offense level for sentencing in attempt cases is the same as the offense level for the completed attempt. "If a defendant is convicted of a conspiracy or an attempt to commit any offense involving a controlled substance, the offense level shall be the same as if the object of the conspiracy or attempt had been completed." United States Sentencing Commission, *Guidelines Manual*, § 2D1.4(a) (Nov.1989) (hereinafter U.S.S.G.). Except for one ingredient known as the "reducing agent" and a heating source, all of the chemical ingredients needed for manufacturing methamphetamine were seized from Mr. Havens' storage locker. Nevertheless, defendant could only be charged with attempt to manufacture methamphetamine because only small amounts of the completed drug were found with the large amounts of precursor chemicals. In cases where the amount of drugs seized does not reflect the scale of the offense, the commentary to the Guidelines requires the trial judge to approximate the quantity of the controlled substance.

"Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the sentencing judge shall approximate the quantity of the controlled substance." U.S.S.G. § 2D1.4(a), comment. (n.2).

At the sentencing hearing Mr. Havens challenged the drug quantity computation contained in the pre-sentence report. Mr. Havens argued that the computation was speculative because not all the elements necessary to manufacture methamphetamine were possessed. The government and the defendant presented testimony regarding the drug quantity computation. The government presented two expert witnesses who were chemists. The chemist who prepared the pre-sentence report estimated that 300 grams of pure methamphetamine could be produced from the chemicals confiscated from defendant's locker if the final ingredient were added. The other chemist testified that 689 grams of methamphetamine could be produced. Defendant's expert testified that it was not possible to manufacture methamphetamine from the seized chemicals because the heat source and reducing agent were absent. The witnesses explained to the court the difference between the theoretical and actual yield, as well as the effect that that type of reducing agent has on the yield. After hearing this testimony, the district court found that the amount of methamphetamine which could have been produced by adding heat and an appropriate amount of reducing agent was in the range of 300 to 689 grams.

Under the Sentencing Guidelines, a base offense level of 28 is attained when at least 400 grams but less than 700 grams of methamphetamine are involved. U.S.S.G. § 2D1.1(c)(8). When at least 100 grams but less than 400 grams of methamphetamine are involved, the base offense level is 26. U.S.S.G. § 2D1.1(c)(9). In determining the base offense level for Mr. Havens the district court used the lower estimated quantity of more than 100 but less than 400 grams. We do not find that determination by the district court to be clearly erroneous. It is fully supported by expert testimony. The quarrel here is not with that fact-finding, but with whether the court may legally find the ultimate amount which could be produced when additional component drugs and equipment are necessary to produce the final product. This is an issue of law where the conviction for attempt involves less than all of the component parts. We hold that the trial court, upon proper testimony, may estimate the ultimate quantity of produceable drugs. This estimate should be equal to the amount of drugs produceable if the precursor chemicals possessed by the defendant were combined with proportionate amounts of the missing ingredients including processing equipment. Thus, we hold that the trial court's proper factual determination of the amount of drugs involved in this case was not clearly erroneous.

We wish to emphasize the weakness of defendant's position in this case. Defendant pleaded guilty to attempt to manufacture methamphetamine. Defendant then argued that he should be sentenced for only the trace amounts of finished drugs found with his precursor chemicals. Defendant's position on the amount of drugs is inconsistent with his guilty plea to *attempt* to manufacture. Defendant had not "attempted" to produce the completed drugs actually found. Had defendant pleaded guilty to actual manufacture, his position would have more validity. However, once the determination of guilty of attempt is made from good evidence—here a guilty plea—the court is required to estimate the amount of drugs that could be manufactured.[1]

Mr. Havens also argued that section 2D1.4(a) of the Sentencing Guidelines was unconstitutional because there was no way to determine with exactitude the yield of

---

1. Trial courts must be presented with substantial evidence of guilt in order to find a defendant guilty of attempted manufacture, particularly when all of the components necessary for the manufacture of drugs are not present. Defendant's guilty plea removes that issue from this case. Here we address only the sentencing for attempted manufacture *after* the issue of guilt has been properly settled.

the completed manufacture. Under the guidelines, the sentencing judge is required to "approximate the quantity of the controlled substance." U.S.S.G. § 2D1.4(a), comment. (n.2). It is not a denial of due process to determine facts based on estimates derived from expert testimony. We note that under this holding two defendants found with identical amounts of precursor chemicals could be found guilty of attempted manufacture of widely differing quantities of drugs. The trial judge's factual determination in this area could be influenced by the availability or cost of missing components, the quality of the "cooker" assigned to mix the chemicals, and many other factors. The factual question is what each specific defendant could have actually produced, not the theoretical maximum amount produceable from the chemicals involved. In this case, sufficient testimony was presented at the sentencing hearing to provide the district court with a proper range of estimates. We hold that no denial of due process was made by the district court's approximation of drugs that could be manufactured when the estimate was based on record-supported expert testimony.

## II. ROLE IN THE OFFENSE

■ Mr. Havens argued that a reduction in the offense level should have been made under section 3B1.2 of the Guidelines to reflect his minor role in the offense. That section provides a decrease in the offense level when the defendant has a minimal role or is a minor participant in any criminal activity.[2] The minor or minimal role which Mr. Havens claimed he held was primarily based on the fact that another individual was responsible for negotiating the purchase of the chemicals. Mr. Havens argued his role was to store the chemicals which he claimed would be turned over to a third individual. Because he was not an aider and abettor, Mr. Havens also argued

that he was entitled to a reduction in this case.

The Guidelines' commentary informs us that "a defendant who plays a minimal role in concerted activity ... [is] among the least culpable of those involved in the conduct of the group." U.S.S.G. § 3B1.2, comment. (n.1). A minor participant involves "any participant who is less culpable than most other participants...." *Id.* at comment. (n.3). The determination to apply this section "involves a determination that is heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2, comment. (backg'd.). We review the district court's factual determination that defendant had more than a minor role under a clearly erroneous standard.

We have held that "the quantum of proof required for factual determinations under the Sentencing Guidelines is a preponderance of the evidence and the burden of proof generally is allocated to the government for sentence increases and to the defendant for sentence decreases." *United States v. Rutter*, 897 F.2d 1558, 1560 (10th Cir.1990). The district court found that Havens "played neither an aggravating role, as defined under Section 3(b)1.1 of the guidelines, nor a mitigating role, as defined under Section 3(b)1.2." Record, vol. 2, at 77–78. Based on our review of the record, we cannot find that the defendant has proven that the trial court's determination was clearly erroneous.

## III. DOWNWARD DEPARTURE

■ Mr. Havens argued that he should be granted a downward departure from his base offense level because he was incapable of producing methamphetamine himself and therefore acted as a remote aider and abettor. The decision to depart from the guidelines is within the sound discretion of the sentencing court. In

---

2. Section 3B1.2 states:
  Based on the defendant's role in the offense, decrease the offense level as follows:
  (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.

  (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
  In cases falling between (a) and (b), decrease by 3 levels.
  U.S.S.G. § 3B1.2.

*United States v. Davis*, 900 F.2d 1524, 1529–30 (10th Cir.1990), we stated that

we do not have jurisdiction to hear an appeal over the trial court's discretionary refusal to depart downward from the guidelines. In short, when a sentence is within the guideline range and is not imposed in violation of law, or as a result of an incorrect application of the guidelines, then the district court's refusal to exercise its discretion to depart downward from the guideline range is not appealable.

(footnotes omitted). Mr. Havens' argument that the district court abused its discretion does not assert a violation of the law or an incorrect application of the guidelines. Thus, we do not have jurisdiction to review the trial court's refusal to depart downward from the guidelines.

AFFIRMED.