25 F.3d 1059
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Larry D. THATCHER, Defendant-Appellant.
 No. 93-4152.
 United States Court of Appeals,
Tenth Circuit.
 June 10, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before TACHA and McKAY, Circuit Judges, and SHADUR,[2] District Judge.
 
 I. Introduction
 
 2
 Defendant-appellant Larry D. Thatcher and four other individuals were indicted and charged with aiding and abetting the possession of cocaine with intent to distribute, 21 U.S.C. 841(a)(1), 841(b)(1)(B) and 18 U.S.C. 2. Three of the other four individuals, Pamela Greenhalgh, Dana Saltsman and Darren Smith, pleaded guilty and testified against Mr. Thatcher at his jury trial. Mr. Thatcher now appeals from the jury's guilty verdict. We exercise jurisdiction under 28 U.S.C. 1291 and affirm in part and dismiss in part.
 
 II. Discussion
 
 3
 Mr. Thatcher argues on appeal that the district court erred by not dismissing sua sponte two potential jurors for cause, that the evidence is insufficient to support the jury's verdict, and that his trial counsel was ineffective.
 
 A. Sua Sponte Dismissal of Jurors for Cause
 
 4
 Mr. Thatcher argues that the district court erred by not dismissing sua sponte jurors Adams and Neal for cause. We review the district court's decision not to dismiss these potential[3] jurors for an abuse of discretion. See United States v. Gillis, 942 F.2d 707, 709 (10th Cir.1991).
 
 
 5
 The district court has the responsibility to guarantee that the jury is fair and impartial. Id. The constitutional standard for juror impartiality is whether the juror "can lay aside his opinion and render a verdict based on the evidence presented in court." Patton v. Yount, 467 U.S. 1025, 1037 n. 12 (1984). "Reversal is required if the specific circumstances suggest a significant risk of prejudice and if examination or admonition of jurors fails to negate that inference." Gillis, 942 F.2d at 710.
 
 
 6
 When asked about possible bias toward law enforcement, Juror Adams informed the court that he "would maybe be a little in favor of law enforcement and upholding the laws and the constitution." The court then inquired whether Juror Adams thought he could "be fair and impartial to this defendant, Mr. Thatcher, in judging the facts of his case." Juror Adams responded, "Yes, I think so." The court then asked, "Do you feel you can?" Juror Adams replied, "Yes." When the court inquired whether the jurors' feelings about drugs would interfere with their ability to render a fair and impartial verdict, Juror Neal informed the court that his work at a hospital with drug abuse patients might have some bearing on his feelings. However, when asked, "Do you think that might affect your ability to be fair here," Juror Neal said, "Well, I don't think it would affect that." Any risk of prejudice reflected in jurors Adams and Neal's initial answers was negated by the district court's subsequent examination--both jurors told the judge they could make a fair and impartial decision based on the facts in the case. The district court did not err in not dismissing sua sponte jurors Adams and Neal for cause.
 
 B. Sufficiency of the Evidence
 
 7
 In reviewing a claim of insufficient evidence, we must examine the entire record to determine whether the evidence--both direct and circumstantial, together with the reasonable inferences to be drawn therefrom--when taken in the light most favorable to the government, would enable a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. United States v. Leopard, 936 F.2d 1138, 1140 (10th Cir.1991). "[C]redibility determinations are properly within the jury's province." United States v. Self, 2 F.3d 1071, 1085 (10th Cir.1993).
 
 
 8
 After carefully reviewing the record, we find sufficient evidence to support the jury's verdict. Mr. Thatcher testified at trial that, although he was present at the scene of the drug transaction, he was there only to collect $300 for having sold his car to Ms. Greenhalgh. However, three codefendants, Ms. Greenhalgh, Ms. Saltsman and Mr. Smith, each testified about various meetings that occurred on the day in question and about Mr. Thatcher's activities and his role in the drug transaction. Police officers had observed the meetings and the drug transaction and Officer Dennis Harris's account of what transpired at the scene of the transaction corroborated the codefendants' testimony.
 
 C. Ineffective Assistance of Counsel
 
 9
 Mr. Thatcher argues that his trial counsel was ineffective because: (1) he failed to challenge for cause jurors Neal and Adams; (2) he failed to effectively cross-examine Ms. Greenhalgh and Officer Harris; and (3) he failed to investigate and call one potential witness. We decline to address these claims in this direct appeal. "The preferred avenue for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack under 28 U.S.C. 2255." Beaulieu v. United States, 930 F.2d 805, 806 (10th Cir.1991). We therefore dismiss Mr. Thatcher's ineffective assistance of counsel claims without prejudice to their examination on collateral proceedings under 28 U.S.C. 2255. See United States v. Wynne, 993 F.2d 760, 766 (10th Cir.1993).
 
 III. Conclusion
 
 10
 We AFFIRM Mr. Thatcher's conviction. We DISMISS without prejudice Mr. Thatcher's claims of ineffective assistance of counsel.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Milton I. Shadur, Senior District Judge, United States District Court for the Northern District of Illinois, sitting by designation
 
 
 [3]
 Neither juror Adams nor juror Neal actually sat on the jury. The record shows that Juror Adams was an excess panel member and that the government struck Juror Neal with its second peremptory challenge