**UNITED STATES COURT OF APPEALS**
**Filed 9/18/96**
**FOR THE TENTH CIRCUIT**

———

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee, )
)
v. ) No. 96-7064
) (D.C. No. CR-90-43-1)
EDMOND LEON LEOPARD, also known as ) (E. Dist. of Oklahoma)
"Red" Leopard, )
)
    Defendant-Appellant. )

———

**ORDER AND JUDGMENT[*]**

———

Before **ANDERSON, BARRETT, and MURPHY**, Circuit Judges.

———

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Edmond Leon Leopard (Leopard), appearing pro se and having been granted leave to proceed in forma pauperis, appeals from the district court's Minute Order of April 22, 1996, denying his Motion to File Out of Time Appeal.

On August 7, 1990, Leopard was found guilty, following a jury

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

trial, of five counts involving the manufacturing of methamphetamine and possession of a firearm. On October 16, 1990, he was sentenced to 327 months imprisonment on Counts I and III, and 127 months imprisonment on Counts II and V, to run concurrently. He was sentenced to 60 months imprisonment on Count IV, to run consecutively. Leopard's convictions and sentences were affirmed by United States v. Leopard, 936 F.2d 1138 (10th Cir. 1991).

On July 24, 1991, Leopard filed a Motion to Modify Term of Imprisonment pursuant to 18 U.S.C. § 3582(c)(2). On October 24, 1995, the district court denied his motion in a minute order.

On March 25, 1996, Leopard wrote a letter to the clerk of the district court inquiring about the status of his § 3582 motion. On April 6, 1996, he received a response indicating that his motion had been denied by the Minute Order entered October 24, 1995.

On April 18, 1996, Leopard filed a Motion to File Out of Time Appeal. In his motion, he stated that he never received notice of the district court's October 24, 1995, Minute Order denying his Motion to Modify Term of Imprisonment. On April 22, 1996, the district court denied Leopard's motion to file an appeal out of time. On May 2, 1996, Leopard timely initiated this appeal of the district court's denial of his motion to file an appeal out of time.

On appeal, Leopard contends that the district court erred in

denying his motion to file an out of time appeal when he never received a copy of the October 24, 1995, order. In support of his motion, Leopard attaches a copy of a May 7, 1996, form indicating when prison officials reviewed the Legal Log Book where Leopard is incarcerated there were no entries of legal mail addressed to Leopard between October 25, 1995, and November 16, 1995.

We review the district court's denial of a motion for leave to file an untimely notice of appeal on the grounds of excusable neglect under an abuse of discretion standard. Chanute v. Williams Natural Gas Co., 31 F.3d 1041, 1045 (10th Cir. 1994), cert. denied, ___ U.S. ___ (1995).

It is well established that an appellate court acquires jurisdiction over an appeal only upon the timely filing of a notice of appeal and that this requirement is mandatory and jurisdictional. See Smith v. Barry, 502 U.S. 244, 245 (1992); Certain Underwriters at Lloyds of London v. Evans, 896 F.2d 1255, 1256 (10th Cir. 1990). The time to file a notice of appeal is set out in Federal Rule of Appellate Procedure 4 which states that "[i]n a criminal case,[1] a defendant shall file the notice of appeal in the district court within 10 days after the entry either of the judgment or order appealed from." In addition, it provides that

---

[1] Leopard's Motion to Modify Term of Imprisonment is considered a criminal case for purposes of Fed. R. App. P. 4 since it was entered on the criminal docket. Fed. R. App. P. 4(b) ("A judgment or order is entered within the meaning of this subdivision when it is entered on the criminal docket.").

- 3 -

"[u]pon a showing of excusable neglect, the district court may . . . extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision." Fed. R. App. P. 4(b). However, the district court cannot enlarge the filing period for a notice of appeal beyond the 30 days provided for in Rule 4. Fed. R. App. P. 26(b) ("the court may not enlarge the time for filing a notice of appeal . . . except as specifically provided by law."). See Certain Underwrites at Lloyds of London, 896 F.2d at 1255.[2]

The district court's order denying Leopard's Motion to Modify Term of Imprisonment was entered on October 24, 1995. Therefore, Leopard had 40 days or until December 3, 1995, including all allowable extensions, to file his notice of appeal and/or any requests for an extension of time within which to file. However, Leopard did not file a motion for an extension of time until April 18, 1996; over five months past the final deadline.

The district court did not have the power or authority to grant Leopard's motion to file an untimely notice of appeal at such a late date. Accordingly, we hold that the district court did not

_____

[2] We need not decide if the doctrine of unique circumstances would allow a late filed notice of appeal because the doctrine only applies where an affirmative action by the court has misled the appellant which is not the case here. See In re Weston, 18 F.3d 860, 863 (10th Cir. 1994); Stauber v. Kieser, 810 F.2d 1, 1-2 (10th Cir. 1982) (unique circumstances existed where appellants relied to their detriment on statements and actions of the district court and where it would work a great hardship on appellants to dismiss the appeal as untimely).

abuse its discretion in denying Leopard's Motion to File Out of Time Appeal.

**AFFIRMED.**

Entered for the Court:


James E. Barrett,
Senior United States
Circuit Judge