_____

No. 96-3191

_____

United States of America,       *
                                  *
        Appellee,             *
                                  *
     v.                     *  Appeal from the United States
                                  *  District Court for the
Rory Allen Gregory, also known  *  Western District of Arkansas.
as Roy Allen, also known as Roy  *
Gregory,                    *       [UNPUBLISHED]
                                  *
        Appellant.          *

_____

Submitted:  January 3, 1997

Filed:  January 10, 1997

_____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Rory Allen Gregory pleaded guilty to attempting to manufacture methcathinone, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court[1] sentenced him to 155 months' imprisonment. Gregory appeals, and we affirm.

Gregory challenges the district court's drug-quantity findings. We conclude, however, that the district court did not clearly err in adopting the presentence report's conservative approximations of the amount of drugs Gregory could have produced from the precursor chemicals found at his clandestine drug laboratory. See U.S. Sentencing Guidelines Manual § 2D1.1,

_____

[1]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

comment. (n.12) (1995) (where there is no drug seizure, court shall approximate quantity of controlled substance; court may consider, among other things, size or capability of any laboratory involved); <u>United States v. Scott</u>, 91 F.3d 1058, 1062 (8th Cir. 1996) (standard of review). Gregory's argument that such an approximation is proper only when all the necessary precursor chemicals are present is without merit.  See <u>United States v. Beshore</u>, 961 F.2d 1380, 1383-84 (8th Cir.) (even in absence of necessary precursor chemical, district court could properly approximate amount of controlled substance that could have been produced), <u>cert. denied</u>, 506 U.S. 884 (1992); <u>United States v. Havens</u>, 910 F.2d 703, 705 (10th Cir. 1990) (quantity of drugs should equal amount of drugs producible if chemicals possessed by defendant were combined with proportionate amounts of missing ingredients), <u>cert. denied</u>, 498 U.S. 1030 (1991).

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.