**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 12 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

KELVIN LAMAR MURRAY, a/k/a
Mookie,

    Defendant-Appellant.

No. 97-7105
(E.D. Okla.)
(D.Ct. No. 97-CR-20)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is

therefore ordered submitted without oral argument.

---

    [*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Appellant Kelvin Lamar Murray appeals *pro se* his conviction on one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846, and two counts of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. In conjunction with his conviction, Mr. Murray also appeals his sentence of 135 months imprisonment on each count, to run concurrently. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

In early 1997, federal and state law enforcement agencies commenced an investigation of alleged cocaine distribution by Rickie Dale Roberts, the owner of a music store. The investigation coincided with information that both Mr. Roberts and Mr. Murray, who was a music store employee, sold large quantities of crack cocaine. As part of the investigation, an undercover drug task force agent and an informant entered the music store and spoke to Mr. Murray. They requested a meeting with Mr. Roberts in order to purchase $200 worth of crack cocaine. After advising them Mr. Roberts only dealt in $500 to $1,000 sales of cocaine, Mr. Murray telephoned Mr. Roberts with their proposal. Mr. Roberts later arrived at the store, conversed in private with the informant, and then Mr. Murray and the informant left briefly to retrieve the cocaine. On return, the undercover agent purchased from Mr. Roberts approximately 4.1 grams of cocaine

for $200.  On three subsequent occasions, Mr. Roberts sold a total of 110.2 grams of cocaine to the agent.  All the cocaine tested positive for crack cocaine.

At trial, the district court allowed into evidence, through testimony of the undercover agent and voice recordings of Mr. Roberts, statements of Mr. Roberts indicating Mr. Murray conspired in some degree in selling the cocaine, including apparent delivery of the cocaine to Mr. Roberts.  The undercover agent also observed Mr. Murray on at least one occasion handle the bag of cocaine sold.

Mr. Murray's counsel filed a direct appeal claiming the district court erred in allowing hearsay evidence as to Mr. Roberts' conspiracy statements, and insufficient evidence existed to:  (1) show existence of a conspiracy; (2) support a charge of possession; or (3) show any overt act by Mr. Murray in furtherance of the conspiracy.

Shortly thereafter, Mr. Murray filed a motion to proceed *pro se* on appeal and file his own supplemental brief.  We granted his motion.  On appeal, Mr Murray raises an ineffective assistance of counsel argument, listing several specific errors which he alleges resulted in severe prejudice to his case.  He also claims the district court erred:  (1) in allowing into evidence Mr. Roberts' hearsay

statements; (2) by basing his sentence on possession for crack cocaine rather than cocaine base; and (3) applying the Sentencing Guideline that treats one gram of cocaine base as the equivalent of 100 grams of cocaine powder.

Discussion

We give Mr. Murray, a *pro se* appellant, the benefit of addressing the merits of both his and his counsel's briefs on appeal. In addressing both briefs, we note Mr. Murray's *pro* se pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by his lawyer. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

We begin with Mr. Murray's claim that ineffective assistance by his counsel at trial prejudiced his case. It is well established that, except in rare cases, ineffective assistance of counsel claims should be brought in collateral proceedings and not on direct appeal. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (citing *Beaulieu v. United States*, 930 F.2d 805, 806-07 (10th Cir. 1991)). Having reviewed Mr. Murray's ineffective assistance of counsel claims, we find no reason to address them on direct appeal. *See Galloway*, 56 F.3d at 1242-43 (discussing rare instance in which ineffective

assistance of counsel claim may be brought on direct appeal).

We next conclude the district court properly admitted into evidence the statements of Mr. Roberts. Under Federal Rule of Evidence 801(d)(2)(E), statements by a co-conspirator during the course and in furtherance of the conspiracy are not hearsay and are therefore admissible as substantive evidence against other members of the conspiracy. *United States v. Williamson*, 53 F.3d 1500, 1517 (10th Cir.), *cert. denied*, 516 U.S. 882 (1995). A review of the record establishes the district court, in considering the admission of the statements, found a preponderance of the evidence showed a conspiracy existed, Mr. Murray and Mr. Roberts conspired together, and Mr. Roberts' statements came in the course of and in furtherance of the conspiracy. Hence, sufficient evidence existed to trigger the admission of Mr. Roberts' statements. *Williamson,* 53 F.3d at 517-18.

We next examine Mr. Murray's insufficiency of the evidence argument. Our standard of review for sufficiency of the evidence "is to determine whether, after reviewing the record as a whole, the evidence – both direct and circumstantial, together with the reasonable inferences to be drawn therefrom – is sufficient if, when taken in the light most favorable to the government, a

reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." *United States v. Leopard*, 936 F.2d 1138, 1140 (10th Cir. 1991) (internal quotation marks and citation omitted). We have reviewed the record and find sufficient evidence exists to establish Mr. Murray's involvement in the conspiracy and his possession of cocaine.

Mr. Murray next argues the district court improperly calculated his base offense level on possession for crack cocaine rather than cocaine base. Specifically, he suggests the government failed to meet its burden of proving the substance contained "hydroxylion [*sic*]" as required under Amendment 487, United States Sentencing Guideline § 2D1.1. Because Mr. Murray did not raise this issue before the district court, we review the issue for plain error. *United States v. Brooks*, 161 F.3d 1240, 1247 (10th Cir. 1998).

In *Brooks*, we rejected an argument similar to Mr. Murray's, finding that no plain error occurred where the defendant received a sentence based on cocaine base, or crack cocaine rather than powder, even though no evidence showed the cocaine base contained sodium bicarbonate. 161 F.3d at 1248-49. We concluded U.S.S.G. § 2D1.1 merely referenced sodium bicarbonate as an example of a substance "usually" contained in cocaine base. *Id.* at 1248. Likewise, we note

the Sentencing Guideline's reference to "hydrochloride" (not "hydroxylion") as a substance "usually" used in making cocaine base is merely an example of substances used in making cocaine base. *See* U.S.S.G. § 2D1.1(c), note D and App. C, Amendment 487. Moreover, under the Sentencing Guidelines, "cocaine base" means "crack" for the purposes of sentencing. *Id.* The record clearly shows the substance in issue tested as "crack" cocaine. Thus, the district court did not err in sentencing Mr. Murray for crack cocaine, even if no evidence established the substance contained "hydrochloride" or "hydroxylion."

Finally, Mr. Brooks argues the district court erred in calculating his base offense level under the Sentencing Guidelines for crack cocaine because it equates one gram of crack to 100 grams of powder cocaine, which he says denies equal protection to blacks who presumably are more likely to use crack cocaine. This argument is foreclosed by our other decisions upholding the 100-to-1 cocaine base-to-powder base sentencing ratio in similar constitutional challenges. *See United States v. Williams,* 45 F.3d 1481, 1485-86 (10th Cir. 1995) (equal protection challenge); *United States v. Turner*, 928 F.2d 956, 959-60 (10th Cir.) (Fifth Amendment due process challenge), *cert. denied*, 502 U.S. 881 (1991).

For these reasons, we **AFFIRM** the conviction and sentence.


              **Entered by the Court:**

              **WADE BRORBY**
              United States Circuit Judge