**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 13 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ELMER SALVADOR-RODRIGUEZ,

Defendant-Appellant.

No. 98-4153
(D.C. No. 96-CR-161-2)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HOLLOWAY**, and **BRISCOE**, Circuit Judges.

Elmer Salvador-Rodriguez appeals his jury conviction of possession of

cocaine, methamphetamine, and heroin, with intent to distribute, in violation of

21 U.S.C. § 841 and 18 U.S.C. § 2. We affirm.

I.

In August 1996, local law enforcement officers in Salt Lake City, Utah,

obtained a warrant to search a residence implicated in unlawful drug trafficking.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

While executing the warrant, officers knocked on the door twice and announced their presence in both English and Spanish. No one answered, but the officers heard shuffling within the residence. The officers employed a battering ram to force the door open and entered the house. Once inside, the officers heard someone running down stairs in the rear of the residence. After tracking the sounds, officers discovered Salvador-Rodriguez's co-defendant, Rafael Rubalcava-Hernandez, in a basement storage area. Among other things, a search of the kitchen and the basement revealed approximately 29 kilograms of cocaine, eight kilograms of methamphetamine, 240 grams of heroin, $41,399 in U.S. currency, a firearm, drug paraphernalia (such as packaging materials, scales, and drug spoons), and numerous "pay-owe" sheets. The search also revealed several documents and photographs implicating Salvador-Rodriguez.

A federal grand jury indicted Salvador-Rodriguez on three counts of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. At no time during the proceedings did Salvador-Rodriguez move for judgment of acquittal based on insufficiency of the evidence. A jury returned guilty verdicts on all three counts, and the district court sentenced Salvador-Rodriguez to 188 months imprisonment.

II.

Salvador-Rodriguez's appeal is straightforward. A conviction under 21

U.S.C. § 841(a) and 18 U.S.C. § 2 "requires proof that the defendant '(1) possessed a controlled substance; (2) knew he possessed a controlled substance; and (3) intended to distribute the controlled substance.'" United States v. Dozal, 173 F.3d 787, 797 (10th Cir. 1999) (quoting United States v. Wilson, 107 F.3d 774, 778 (10th Cir. 1997)). Salvador-Rodriguez's sole claim is that the evidence was insufficient to establish that he possessed the drugs discovered in the residence. While Salvador-Rodriguez's failure to raise this claim in a motion for judgment of acquittal normally would limit our review to a search for plain error, "review under the plain error standard . . . and a review of sufficiency of the evidence usually amount to largely the same exercise." United States v. Duran, 133 F.3d 1324, 1335 n.9 (10th Cir. 1998); accord United States v. Leopard, 936 F.2d 1138, 1140 n.2 (10th Cir. 1991); United States v. Bowie, 892 F.2d 1494, 1496-97 (10th Cir. 1990).

We review the record for sufficiency of the evidence de novo. Dozal, 173 F.3d at 797; Wilson, 107 F.3d at 778. The relevant inquiry is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime[s] beyond a reasonable doubt." Dozal, 173 F.3d at 797 (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)); accord Leopard, 936 F.2d 1140; Bowie, 892 F.2d at 1497. "Rather than examining the evidence in 'bits and pieces,' we evaluate the

sufficiency of the evidence by 'consider[ing] the collective inferences to be drawn from the evidence as a whole.'" Wilson, 107 F.3d at 778 (quoting United States v. Hooks, 780 F.2d 1526, 1532 (10th Cir. 1986)).

Possession of a controlled substance or other contraband can be actual or constructive. "A person constructively possesses contraband when he or she knowingly holds ownership, dominion or control over the object and premises where it is found." United States v. Lazcano-Villalobos, 175 F.3d 838, 843 (10th Cir. 1999); accord Dozal, 173 F.3d at 797; Wilson, 107 F.3d at 778; see also United States v. Ruiz-Castro, 92 F.3d 1519, 1531 (10th Cir. 1996) (defining constructive possession of a narcotic as "an appreciable ability to guide the destiny of the drug") (citation omitted). Exclusive possession of the object or premises supports an inference of constructive possession. United States v. Valadez-Gallegos, 162 F.3d 1256, 1262 (10th Cir. 1998); accord Lazcano-Villalobos, 175 F.3d at 843. In cases involving joint occupancy or nonexclusive possession, when the object may be attributed to more than one individual, the government must present "direct or circumstantial evidence to show some connection or nexus individually linking the defendant to the contraband." Valadez-Gallegos, 162 F.3d at 1262; see also id. (stating that the government must present "some evidence supporting at least a plausible inference that the defendant had knowledge of and access to the . . . contraband") (citation and

internal quotation marks omitted).

While not overwhelming, the evidence in this case is sufficient to show Salvador-Rodriguez had knowledge of and access to the drugs in the residence. Two items of evidence are particularly damaging. First, Salvador-Rodriguez's fingerprints appeared on one of the drug packages seized by the police. Second, one of the photographs found at the residence depicted Salvador-Rodriguez standing with a gun in his waistband in front of the drugs and a large amount of cash. In addition, a small spiral notebook appearing to be a drug ledger was discovered in the living room of the house. Salvador-Rodriguez's admitted nickname ("MeMe") was listed throughout the notebook. Finally, officers found utility bills for Salvador-Rodriguez's separate address and two cellular telephone bills, one for Salvador-Rodriguez and one for Jorge Beza, in the bedroom of the residence. Salvador-Rodriguez admitted applying for a driver's license under the name Jorge Beza. The cellular phone bill in Salvador-Rodriguez's name showed approximately 3,500 calls charged to the account during a monthly billing cycle.

Based on this evidence, a rational jury could conclude that Salvador-Rodriguez was part of a group of individuals involved in drug trafficking. The evidence does more than depict Salvador-Rodriguez's mere presence at the house or his proximity to the drugs. Viewed in the light most favorable to the government, the facts developed at trial indicate that Salvador-Rodriguez was

aware of the drugs, handled packages containing the drugs, and was involved in the distribution of the drugs. Although the evidence against Salvador-Rodriguez is largely circumstantial, and suggests that Salvador-Rodriguez did not act alone, it is settled that "[c]onstructive possession may be established by circumstantial evidence and may be joint among several individuals." Ruiz-Castro, 92 F.3d at 1531.

Salvador-Rodriguez directs our attention to his testimony, which he claims explains the evidence found in the residence. According to Salvador-Rodriguez, he purchased the cellular phone and obtained service for a friend named "Charlie." Charlie kept and used the phone and each month Salvador-Rodriguez brought Charlie the bill at the residence. As for the photograph and the fingerprints on the drug package, Salvador-Rodriguez testified that he drank too much at a party and permitted someone else to take the picture. He stated that he "probably" or "may have" touched one of the packages while posing for the photograph. Aplt. App., Vol. II, at 358-59. In an effort to explain his presence at the residence and the appearance of his name in the notebook, Salvador-Rodriguez admitted visiting the house on occasion to purchase small quantities of drugs for himself and his friends, but denied having any dominion or control over the drugs seized by law enforcement officials.

While Salvador-Rodriguez's story is plausible, the jury's determination that

the government's explanation was more credible cannot be second-guessed on appeal. When reviewing the sufficiency of the evidence "we accept the jury's resolution of conflicting evidence and its assessment of the credibility of witnesses." United States v. Sapp , 53 F.3d 1100, 1103 (10th Cir. 1995) (quoting United States v. Dirden , 38 F.3d 1131, 1142 (10th Cir. 1994)). Even if Salvador-Rodriguez's explanation is consistent with the facts developed at trial, "the evidence required to support a verdict need not conclusively exclude every other reasonable hypothesis and need not negate all possibilities except guilt." United States v. Clark , 57 F.3d 973, 976 (10th Cir. 1995) (citation omitted). Our review is complete once we conclude that the evidence permitted the jury to find constructive possession beyond a reasonable doubt. See, e.g., Dozal, 173 F.3d at 797; Wilson , 107 F.3d at 778-79. Accordingly, we AFFIRM Salvador-Rodriguez's conviction.

Entered for the Court

Mary Beck Briscoe
Circuit Judge