F I L E D
**United States Court of Appeals
Tenth Circuit**

**SEP 17 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ROBERT LONGLEY,

      Defendant-Appellant.

No. 02-2178
(D.C. No. CR-01-738-JC)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, Circuit Judge, **HOLLOWAY**, Senior Circuit Judge, and **McWILLIAMS**, Senior Circuit Judge.

Robert Longley (the defendant) was charged in a superseding indictment as follows: Count 1, possession of methamphetamine with an intent to distribute in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C); Count 2, maintaining a place for manufacturing, distributing and using methamphetamine in violation of 21 U.S.C. § 856(a)(1) and § 856(b); and Count 3, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). A jury found the defendant

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

guilty on all three counts.

By a presentence report the defendant's base offense level was set at 26. The district court adjusted Longley's base offense level upward by 2 levels, pursuant to U.S.S.G. 2D1.1(b)(5)(A), because Longley had stored hazardous or toxic chemicals in his lab or had discharged toxic chemicals into the environment. The district court also adjusted Longley's base offense level upward by another 2 levels because Longley had obstructed justice by testifying falsely, pursuant to U.S.S.G. 3C1.1. Accordingly, Longley's adjusted base offense level for Counts 1 and 2 was 30, which, when coupled with a criminal history category of I, resulted in a guideline range of 97 to 121 months. Count 3 carried a mandatory minimum term of five years imprisonment. Longley was sentenced to concurrent terms of 97 months on Counts 1 and 2, and to a term of 60 months on Count 3 to be served consecutively to the sentences imposed on Counts 1 and 2, as required by 18 U.S.C. § 924(c)(1)(A)(i). Longley filed a timely notice of appeal.

On appeal, Longley raises three issues: (1) insufficient evidence to show that he had an intent to distribute methamphetamine; (2) error by the district court in increasing his base offense level by 2 levels for environmental violations pursuant to U.S.S.G. 2D1.1(b)(5)(A), and (3) error by the district court in enhancing his base offense level by 2 more levels for obstruction of justice pursuant to U.S.S.G. 3C1.1. Finding no reversible error, we affirm.

Limited background facts will help place the issues on appeal in focus. This case has its genesis when an employee of a Target store in Rio Rancho, New Mexico informed the Rio Rancho Department of Public Safety that the defendant had been purchasing large quantities of pseudoephedrine, a cold remedy, which, according to several witnesses, is a "precursor" to the manufacture of methamphetamine. The defendant had purchased from the store 4 boxes of pseudoephedrine on May 10, 2001, 5 boxes on May 13, 2001, and still another 4 boxes on May 18, 2001.

Based on this information, the Rio Rancho Police began investigating the defendant. The defendant owned property on Northern Boulevard in Rio Rancho. On the property were two trailers, one in which the defendant and his family lived, and a smaller trailer. On May 29, 2001 the police executed a search warrant on the smaller trailer, referred to by some as the "silver trailer." The defendant was inside the silver trailer when the warrant was executed. The officers found therein, *inter alia*, a laboratory, chemicals, methamphetamine, digital scales, small plastic baggies, a ledger, $1900 in currency, surveillance equipment and four loaded firearms. The laboratory was operational, but was not producing methamphetamine at the time of the search.

The defendant testified in his own behalf at his trial. His testimony was that though he possessed methamphetamine, he did not manufacture it, that he had no intent to distribute it to anyone, and that it was all for his own personal use, admitting that he was a long-time user of methamphetamine. Four other witnesses were called as defense

witnesses, which included his mother, his wife, a sister, and a friend. The defendant, and the other witnesses, to a degree, gave "innocent explanations" as to just why he had the various items mentioned above in his possession at the time of the search.

Defendant's first argument is that there is insufficient evidence to show that he had an "intent to distribute," and that therefore his conviction on Count 1 should be reversed. Continuing that argument, defendant argues that if he had no "intent to distribute," his conviction on Count 3 should also be reversed. It is true that the defendant, and his witnesses, to some degree, offered exculpatory evidence, attempting to convince the jury that though the defendant "possessed" methamphetamine, he did not "possess" it with an "intent to distribute" it. However, the jury, as the trier of the facts, was not required to believe defendant's version of the facts, and was free to accept or reject it. *United States v. Grissom*, 44 F.3d 1507, 1510 (10th Cir. 1995). By its verdict, the jury rejected the theory of the defense.

On appeal, we review a sufficiency of the evidence claim by viewing the evidence in a light most favorable to the jury's verdict. *United States v. Jones,* 49 F.3d 628, 632 (10th Cir. 1995). We must determine whether "any reasonable jury could find the defendant guilty beyond a reasonable doubt." *United States v. Coslet,* 987 F.2d 1493, 1495 (10th Cir. 1993). Also, we review all of the direct and circumstantial evidence in the record in addition to inferences drawn from such evidence. *United States v. Leopard*, 936 F.2d 1138, 1140 (10th Cir. 1991).

Applying these standards, we conclude that the record supports the jury's determination that the defendant did have an "intent to distribute." The facts and circumstances of the case support that conclusion, i.e. lab equipment, chemicals, methamphetamine, digital scales, small plastic baggies, a ledger, $1900 in currency, surveillance equipment, and four loaded firearms. Circumstantial evidence can establish intent, and a large quantity of drugs supports an inference that the possessor intends to distribute them. *United States v. Gay*, 774 F.2d 368, 372 (10th Cir. 1985). The evidence bearing on the "intent to distribute" issue is, in our view, sufficient to support the jury's determination that the defendant had such an intent.

The defendant does not challenge his conviction on Count 2, and the two other points he urges on appeal relate to his sentencing. In this connection, the defendant argues that the district court erred in increasing his base offense level by 2 levels for environmental violations pursuant to U.S.S.G. 2D1.1(b)(5)(A). As indicated, the presentence report recommended a 2 level increase in the defendant's base offense level based on the guideline. In paragraph 33 of the presentence report, the probation officer stated in some detail his reasons for so recommending. The defendant, through his counsel, filed an objection to paragraph 33 of the presentence report, noting that the defendant was neither charged nor convicted of storing or disposing of hazardous waste and that when the search was conducted the lab was not operating. The probation officer, in turn, filed a response to defendant's objection to paragraph 33, and explained

why he was standing by his recommendation that defendant's base offense level be increased by 2 levels under U.S.S.G. 2D1.1(b)(5)(A).

At sentencing, neither the defendant's counsel, nor the government requested a hearing on this matter, and submitted the matter to the district court on the basis of the foregoing. Based thereon, the district court accepted the report's recommendation and increased defendant's base offense level by 2 levels. This Court reviews the district court's factual findings for clear error and gives deference to the district court's application of the sentencing guidelines to the facts. *United States v. Mounkes*, 204 F.3d 1024, 1029 (10th Cir. 2000). Under the described circumstances, the record supports the district court's determination and we find no error in this regard.

As indicated, the presentence report also recommended that defendant's base offense level be increased by 2 more levels for obstructing justice, as provided by U.S.S.G. 3C1.1. In paragraph 36 of the presentence report the probation officer stated his reasons for so recommending. The defendant, through his counsel, filed an objection to paragraph 36 of the presentence report, contending, only, that the defendant's testimony was "truthful." To that objection the probation officer filed a response, and explained why he was standing by his recommendation.

Again, at sentencing neither the defendant nor the government asked for an evidentiary hearing on the matter and submitted the matter to the district court on the basis of the presentence report, and the objection thereto. Based thereon, the district

court accepted the recommendation and increased defendant's base offense level by 2 more levels. In so doing, the district court gave an additional reason, not mentioned in the presentence report, for finding that an increase was warranted for defendant's obstruction of justice. In this regard, the court stated as follows:

> Well, he took the stand. He didn't tell the truth then, and I told him at that time that he was going to get more time. And having the guns to fight off the coyotes was just a little too much for anybody to believe, especially since they were in the silver trailer and not in the trailer where he lived. They were where he was making the meth.

A districts court's determination of perjury must be independent of the jury verdict, but it need not recite the perjured testimony verbatim. *United States v. Dunnigan*, 507 US 87, 94 (1993). The district court is in a unique position to observe the defendant at trial, and to decide at sentencing whether he gave perjured testimony. *United States v. Yost*, 24 F.3d 99, 106 (10th Cir. 1994). By accepting the findings of the presentence report which specifically enumerated the perjured testimony and noting additional perjured testimony, the district court fulfilled its requirement. *United States v. Denetclaw*, 96 F.3d 454, 459 (10th Cir. 1996). The district court's 2 level enhancement for obstruction of justice was not clearly erroneous. *Id*.

Judgement Affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge