961 F.2d 221
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
George Thomas PRATT, Defendant-Appellant.
 No. 91-7041.
 United States Court of Appeals, Tenth Circuit.
 April 23, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant George Thomas Pratt appeals his conviction and sentence for conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1).
 
 
 3
 The principal issue on appeal is whether the court erred in its determination, for sentencing purposes, of the amount of methamphetamine that could be obtained from the use of ephedrine by the method of manufacture utilized by defendant. The government's witnesses testified to a one-to-one weight ratio or possibly lower, but in excess of the two-to-one ratio found by the court. Some of the government's testimony was based upon discussions with a chemist who did not appear before the court. Defendant himself testified that the most he could produce from four pounds eight ounces of ephedrine was twenty-three ounces of methamphetamine, and that the court should have based its determination on his testimony.
 
 
 4
 In United States v. Havens, 910 F.2d 703, 706 (10th Cir.1990), cert. denied, 111 S.Ct. 687 (1991), relied upon by both parties, we stated that the court must determine "what each specific defendant could have actually produced, not the theoretical maximum amount produceable from the chemicals involved." While this is the test, the court in sentencing can rely upon evidence that would not be admissible in a direct criminal proceeding. See Fed.R.Evid. 1101(d)(3); United States v. Shewmaker, 936 F.2d 1124, 1129 (10th Cir.1991), cert. denied, 112 S.Ct. 884 (1992). Based upon our review of the record we cannot find that the district court erred in holding that two pounds of ephedrine can produce one pound of methamphetamine. See United States v. Andersen, 940 F.2d 593, 597 n. 5 (10th Cir.1991) (testimony that similar manufacture method would produce eighty percent as much methamphetamine as L-ephedrine used).
 
 
 5
 Additionally, defendant raises five other issues on his own to justify reversal. These are that there was no amount of chemical or precursor chemical set forth in the indictment, that methamphetamine hydrochloride is not a scheduled controlled substance, that the maximum permissible punishment is five years, that methamphetamine hydrochloride and ephedrine hydrochloride are exempt from all schedules, and that methamphetamine is not on a list of controlled dangerous substances. We are in agreement with counsel and the government that these contentions are meritless.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precendential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3